UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.

JOSE MEJIA, an individual, on behalf of himself and all others similarly situated,

    Plaintiff,

vs.

UBER TECHNOLOGIES, INC., a Delaware corporation,

    Defendant.

## CLASS ACTION COMPLAINT

Plaintiff, JOSE MEJIA ("Plaintiff" or "Mejia"), by and through his undersigned attorneys, on behalf of himself and all those similarly situated, hereby sues Defendant, UBER TECHNOLOGIES, INC. ("Defendant" or "Uber"), and alleges as follows:

### JURISDICTION AND VENUE

1.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and Plaintiff is a citizen of a State which is different from the State of citizenship of Defendant.  In addition, the Court has jurisdiction under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and there is diversity of citizenship between the proposed class members and Defendant.

1

2. Venue is proper in the Fort Lauderdale Division of the Southern District of Florida because that is where a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

3. Plaintiff, Jose Mejia is an individual *sui juris* and a citizen of Florida.

4. Defendant, Uber Technologies, Inc. is a Delaware corporation with its principal place of business in California.

## GENERAL FACTS

5. Defendant Uber develops, markets, and operates a mobile application enabling drivers to provide transportation and delivery services using their own vehicles.

6. Beginning in approximately March 2016, Plaintiff, Jose Mejia has worked as an Uber driver, offering transportation services primarily in Miami-Dade, Broward, and Palm Beach Counties.

7. In June 2015, it was reported that "Uber has changed its policy to prohibit drivers and riders from carrying guns."[1]

8. Plaintiff possesses a license to carry a concealed weapon or firearm from the State of Florida pursuant to section 790.06, Florida Statutes, and wishes to carry a firearm in his vehicle while he provides transportation services through Uber.

9. All conditions precedent to the commencement and prosecution to final judgment of this civil action have taken place, have been performed, or have been waived or excused by Defendants.

---

[1] Naomi Shivin, Uber Isn't Letting Its Drivers Carry Guns Anymore, New Republic (June 19, 2015), *available at* https://newrepublic.com/article/122094/uber-isnt-letting-its-drivers-carry-guns-anymore (last visited July 27, 2017) (quoting Uber representative: "We have adopted a no-firearms policy to ensure that both riders and drivers feel safe and comfortable on the platform.")

10. Plaintiff has been compelled to engage the services of the undersigned attorneys and to pay them a reasonable fee.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action on his own behalf and as a class action on behalf of the Class defined as,

> All those possessing a license to carry concealed weapon or firearm and offering transportation services through Uber within the State of Florida from the date this Complaint is filed through the date class notice is disseminated, excluding Defendant; the officers, directors, or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of Defendant. Also excluded are those who assert claims for personal injury as well as any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

12. The Class defined above is individually so numerous that joinder of all members is impracticable. While the exact number of members of the Class is unknown to Plaintiff at this time, based on the nature of the trade and commerce involved, Plaintiff reasonably believes that there are thousands of members in the Class.

13. There are questions of law and fact common to the Class, including:

   a) whether Uber's no-firearms policy violates the rights of Plaintiff, and other Class members, under section 790.251, Florida Statutes ("Preservation and Protection of the Right to Keep and Bear Arms in Motor Vehicles Act of 2008");

   b) whether Plaintiff and other members of the Class are entitled to injunctive relief;

   c) whether Plaintiff and other members of the Class are entitled to damages, and in what amount;

3

14. Plaintiff's claim is typical of the Class members because Plaintiff's claim arises from the same common course of conduct giving rise to the claims of the members of the Class and the relief sought is common to the Class.

15. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff also has no interests that are antagonistic to other members of the Class and has retained counsel competent and experienced in the prosecution of class actions to represent him and the Class.

16. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class.

17. Questions of law or fact common to Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

18. Defendant acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## CAUSE OF ACTION

### (Violation of Section 790.251, Florida Statutes)

19. Plaintiff re-alleges paragraphs 1 through 18 above as if fully set forth herein.

20. Section 790.251, Florida Statutes, is entitled "Preservation and Protection of the Right to Keep and Bear Arms in Motor Vehicles Act of 2008" ("the Act"). In pertinent part, the Act states:

> (3) Legislative intent; findings.--This act is intended to codify the long-standing legislative policy of the state that individual citizens have a constitutional right to keep and bear arms, that they have a constitutional right to possess and keep legally owned firearms within their motor vehicles for self-defense and other lawful purposes, and that these rights

are not abrogated by virtue of a citizen becoming a customer, employee, or invitee of a business entity. It is the finding of the Legislature that a citizen's lawful possession, transportation, and secure keeping of firearms and ammunition within his or her motor vehicle is essential to the exercise of the fundamental constitutional right to keep and bear arms and the constitutional right of self-defense. The Legislature finds that protecting and preserving these rights is essential to the exercise of freedom and individual responsibility. The Legislature further finds that no citizen can or should be required to waive or abrogate his or her right to possess and securely keep firearms and ammunition locked within his or her motor vehicle by virtue of becoming a customer, employee, or invitee of any employer or business establishment within the state, unless specifically required by state or federal law.

(4) Prohibited acts.--No public or private employer may violate the constitutional rights of any customer, employee, or invitee as provided in paragraphs (a)-(e):

(a) No public or private employer may prohibit any customer, employee, or invitee from possessing any legally owned firearm when such firearm is lawfully possessed and locked inside or locked to a private motor vehicle in a parking lot and when the customer, employee, or invitee is lawfully in such area.

(b) No public or private employer may violate the privacy rights of a customer, employee, or invitee by verbal or written inquiry regarding the presence of a firearm inside or locked to a private motor vehicle in a parking lot or by an actual search of a private motor vehicle in a parking lot to ascertain the presence of a firearm within the vehicle. Further, no public or private employer may take any action against a customer, employee, or invitee based upon verbal or written statements of any party concerning possession of a firearm stored inside a private motor vehicle in a parking lot for lawful purposes. A search of a private motor vehicle in the parking lot of a public or private employer to ascertain the presence of a firearm within the vehicle may only be conducted by on-duty law enforcement personnel, based upon due process and must comply with constitutional protections.

(c) No public or private employer shall condition employment upon either:

1. The fact that an employee or prospective employee holds or does not hold a license issued pursuant to s. 790.06; or

2. Any agreement by an employee or a prospective employee that prohibits an employee from keeping a legal firearm locked inside or locked to a private motor vehicle in a parking lot when such firearm is kept for lawful purposes.

5

> (d) No public or private employer shall prohibit or attempt to prevent any customer, employee, or invitee from entering the parking lot of the employer's place of business because the customer's, employee's, or invitee's private motor vehicle contains a legal firearm being carried for lawful purposes, that is out of sight within the customer's, employee's, or invitee's private motor vehicle.
>
> (e) No public or private employer may terminate the employment of or otherwise discriminate against an employee, or expel a customer or invitee for exercising his or her constitutional right to keep and bear arms or for exercising the right of self-defense as long as a firearm is never exhibited on company property for any reason other than lawful defensive purposes.

§790.251, Fla. Stat. (2016).

21. Plaintiff is an "employee" of Uber pursuant to section 790.251(c), Florida Statutes.

22. Uber is Plaintiff's "employer" pursuant to section 790.251(d), Florida Statutes.

23. Through its no-firearm policy, Uber has violated the rights of Plaintiff, and other members of the Class, as those rights are described under subsections 790.251(4)(c)-(d), Florida Statutes.

24. Subsection 790.251(6), Florida Statutes, entitles Plaintiff to bring a civil action to enforce his rights under the Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against Defendant as follows:

A. that the Court certify the Class under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff as Class Representative and his attorneys as Class Counsel to represent the members of the Class;

B. that the Court declare that Defendant's conduct violates the statute referenced herein;

C. that the Court preliminarily and permanently enjoin Defendant from conducting its business through the illegal conduct described in this Complaint;

D. that the Court award damages, costs, and attorneys' fees to Plaintiff and the Classes;

and,

E. that the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this action on all issues so triable.

DATED: August 11, 2017

RESPECTFULLY SUBMITTED,

/s/ Jared H. Beck
By: Jared H. Beck

**BECK & LEE TRIAL LAWYERS**
JARED H. BECK
Florida Bar No. 20695
ELIZABETH LEE BECK
Florida Bar No. 20697
BEVERLY VIRUES
Florida Bar No. 123713
Corporate Park at Kendall
12485 SW 137th Ave., Suite 205
Miami, Florida 33186
Telephone:   (305) 234-2060
Facsimile:   (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com
beverly@beckandlee.com

[additional counsel on following page]

**ANTONINO G. HERNANDEZ, P.A.**
ANTONINO G. HERNANDEZ
Florida Bar No. 164828
4 SE 1st St., 2nd Floor
Miami, Florida 33131
Telephone:	(305) 282-3698
Facsimile:	(786) 513-7748
hern8491@bellsouth.net

*Attorneys for Plaintiff*